24 C.C.P.A.(Patents)

## In re SAMIRAN.

### Patent Appeal No. 3704.

Court of Customs and Patent Appeals.
Dec. 21, 1936.

Sol Shappirio, of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the action of the Examiner in rejecting claims 17 and 18, being all of the claims of the appellant's application for patent on improvements in fluid segregator, filed April 29, 1930.

The improvements relate, as the application recites, to "fluid density responsive devices and more particularly to float means responsive to fluids having densities greater or less than a fluid of known density and is especially useful in connection with automatic valves controlled by the density of the fluid passing through it."

Claim 18 is illustrative of the subject-matter involved, and is as follows: "18. Means for operating a valve including a float device adjustable to different mean densities corresponding to liquids of different densities, said float device comprising a container having an air chamber adapted to receive a liquid for weighting said float device, and means cooperating with said chamber and forming a part of said float for establishing a desired relation between the weight of the liquid and the volume of the float to obtain a float having a predetermined weight per unit volume such that said float will assume substantially the same buoyant position in any of the liquids to which it is adjustable, said float having a mean density such that it will displace a weight of said liquid to which it is adjusted that is less than the weight of the liquid displaceable by the entire volume of said float but greater than a similar volume of any medium having a lesser density than the density of the reference medium and being of sufficient volume to be capable of doing work required to actuate said valve."

As shown by the specification and drawings, the appellant has disclosed a float device in the form of a hollow symmetrical container having a cylindrical wall and similar spherical end portions. This float is constructed in half-sectional units from any suitable material, preferably from sheets of copper. Two openings are in the upper spherical end portion which are fitted to receive plugs. By the removal of the plugs, the float device can be "adjusted" by placing weighting material in the interior of the float, so that the float will sink to the point in the sustaining fluid which is marked on the float by some "visual indication." No particular kind of ballast is provided, but, by this adjustment process, the float is so weighted that it will operate a valve at any point desired and permit the escape of some of the liquid within the container in which the float operates. It is said to be of much value in aircraft, where it is desired to separate water from gasoline which is being conducted to the engine. This device is also useful in the separation of other liquids. It operates upon the principle that the heavier the sustaining fluid, the less volume of liquid will be displaced by the float and the higher the float will rise. This principle of adjustment is used in weighting the float, whether the fluid above the float is a liquid or a gas.

The tribunals of the Patent Office were of opinion that the rejected claims lacked patentability in view of the patent to Whitney et al., of June 19, 1923, No. 1,459,486, and the patent to Fantz et al., of November 2, 1926, No. 1,605,105.

The Board of Appeals also made note of the fact that in Fantz et al. there would be required "some additional manipulation of the weight 57 but this necessity for manipulation may be offset somewhat by the ability to use a float having a lesser diameter." The Board also notes that in the patent to Whitney et al. extraneous balancing is required to effect final adjustment. The Board thought, however, that it would be obvious to balance a float either by interior or exterior weighting.

The patent to Whitney et al. discloses a float connected to a valve, which float has an opening in the top thereof, closed by a plug, and through which ballast may be

supplied to keep the float in the position desired. The object of Whitney et al.'s device is to separate liquids so that when the float is raised to a certain point by the admission of liquid, such as water, the valve will be opened and liquid will be caused to flow outward until the float again sinks to the desired location.

The patent to Fantz et al. operates in a similar manner, and will permit the draining off of liquid and the consequent separation of two liquids. The float shown by Fantz et al. has an opening in the top through which necessary ballast may be admitted, and as this float rises and falls it causes a valve for the egress of liquids to be opened or closed.

The appellant argues, however, that neither Whitney et al. nor Fantz et al. anticipates his disclosure, because of the fact that both patents have weights outside of the container and distinct from the float, which assist in opening the valves, and which are adjusted from the outside.

The patent to Whitney et al. shows a bar connected by a pivotal arrangement, and another arm to the float. A counterpoise provided with a pawl can be moved in any direction along the bar to further adjust the float. That it is intended to use the weight in combination with the float is evidenced by the claims of the patent, each of which claim both features.

In the Fantz et al. patent, a weighted arm is provided to aid in operating the valve, and it is said, among other things in the specification, "At the moment the weighted arm 46 passes its dead center line its movement is given added momentum by reason of the weight 47. The moving arm 46 comes in contact with the valve operating arm 49 and the force of the moving weighted arm 46 operates to quickly turn the valve 21. * * *"

The Solicitor for the Patent Office makes this argument in his brief: "However, the fact that a reference contains elements over and above those called for by a claim obviously does not preclude the reference from being an anticipation, unless the claims are expressly drawn to exclude elements other than those enumerated. Appellant's claims here are not so drawn, because each includes the word 'comprising,' which means that the claim is intended to cover structures having elements in addition to those enumerated. In re Gray et al., 53 F.(2d) 520, 19 C.C.P.A. (Patents) 745, 1932 C.D. 85; In re Cox & Clapsadle et al., 73 F.(2d) 630, 22 C.C.P.A. (Patents) 761, 1935 C.D. 125."

An examination of the rejected claims, however, seems to indicate that the claims are expressly limited to the particular elements therein mentioned. Claim 17, for instance, recites, "said float comprising a container having an air chamber to receive an air displacing substance for weighting said float, and means cooperating with said chamber and *forming a part of said float* for establishing a desired relation between the weight of the air displacing substance," etc. (Italics ours.)

Claim 18 has similar language wherein it recites, "and means cooperating with said chamber and *forming a part of said float*." (Italics ours.) Here it appears that the float is self-contained and operates without assistance from the outside. The means which cooperates with the chamber is a part of the float itself, and hence it does not obtain outside assistance from a weight or lever, or any similar means.

It is true, as argued by the Solicitor for the Patent Office, that the language, "comprising a container having an air chamber," etc., may be broad enough to include other means, under the reasoning of the cases cited in the above excerpt. However, the meaning of the word "comprising" cannot be construed to extend so far as to eliminate the expressed limitations which the appellant has placed within his claims, and by which limitations he restricts his co-operating means to the float itself.

It may be obvious to so adjust the means of Whitney et al. or Fantz et al. as to accomplish applicant's purposes, as the Board of Appeals states. However, the prior art, as cited here, shows no such self-sufficient float valve, and it is thought that the applicant should have the benefit of the doubt.

In this view of the matter, we conclude that the rejected claims should have been allowed, and the decision of the Board of Appeals is reversed.

Reversed.